J-S43045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :        PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
OMAR MILLER   :
  :
Appellant   :    No. 1863 EDA 2022

Appeal from the PCRA Order Entered July 7, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004797-2013

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:        **FILED MARCH 14, 2023**

Appellant Omar Miller appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely.[2] Appellant argues that he satisfied the government interference exception to the PCRA's time-bar and contends that the PCRA court erred in dismissing his petition. We affirm.

A prior panel of this Court summarized the relevant facts and procedural history of in this case as follows:

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] As discussed in greater detail below, Appellant filed a prior PCRA petition that resulted in the reinstatement of his direct appeal rights *nunc pro tunc*. Because Appellant's direct appeal rights were reinstated *nunc pro tunc* as a result of the prior PCRA petition, the PCRA petition underlying the instant appeal is considered a first PCRA petition for timeliness purposes. ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014).

On May 5, 2013, [Appellant], Andre Collier, Rasheed Teel, and Charles Freeman devised a plan to rob nineteen-year-old Kareem Borowy. Freeman drove the group to Borowy's house in Pottstown, Pennsylvania, and waited in the car while [Appellant], Teel, and Collier entered the residence. Once inside, Collier, armed with a .45 caliber Glock pistol, demanded that Borowy hand over a large quantity of marijuana and $3,000.00 in cash. Borowy pleaded with the robbers, insisting that there was no money in the home.

Sensing that the trio was growing impatient, Borowy falsely told them that he kept his money in a "stash house" at a different location. The men then took Borowy outside and forced him into the getaway car. Freeman drove away from the residence, presumably intending to travel to Borowy's contrived stash house. When the vehicle slowed down on a rural roadway in Lower Pottsgrove Township, Borowy managed to escape from the vehicle. Collier chased after Borowy and shot him twice. When he returned to the vehicle, Collier told the others that he saw Borowy fall to the ground, and instructed Freeman to drive away.

Although severely injured, Borowy managed to crawl on his hands and knees to the main roadway. A passing motorist spotted Borowy laying beside the road a short time later and called 911. When the police arrived, Borowy was unresponsive. He was pronounced dead at the scene.

Four weeks later, on June 3, 2013, a team of federal, state, and local law enforcement officers arrested [Appellant] on the sidewalk outside of his uncle's home in Philadelphia, Pennsylvania. The officers took [Appellant] to the homicide unit of the Montgomery County Detectives' Bureau. Detective Todd Richard brought [Appellant] into a conference room and informed him of his right to remain silent and his right to counsel. On July 4, 2013, at 12:49 a.m., [Appellant] signed a written waiver of those rights.

Over the course of the next eleven hours, [Appellant] made four separate on-the-record statements. Each time, Detective Richard transcribed both his questions and [Appellant's] answers. [Appellant] then reviewed Detective Richard's transcriptions, agreed that they were accurate, and signed them.

In [Appellant's] first statement, which began at 1:01 a.m., he stated that he could not recall whether he was in Pottstown on the day that Borowy was killed. [Appellant] categorically denied participating either in the robbery or in the murder. At 1:47 a.m.,

Detective Richard gave [Appellant] a break to smoke a cigarette and to use the restroom. At 2:22 a.m., Detective Richard resumed his questioning. At that time, [Appellant] gave a second statement to Detective Richard, which concluded at 2:48 a.m.

[Appellant] gave a third statement to Detective Richard, which began at 6:35 a.m. [Appellant] admitted that he "didn't tell [the detectives] everything" in his earlier statements. [Appellant] went on to confess that, on the afternoon of Borowy's murder, he overheard Collier, Freeman, and Teel planning a robbery. He also stated that Collier was carrying a weapon, which [Appellant] described as "a big ass black, semi-automatic with a clip sticking out." Still, [Appellant] denied that he had participated in either the planning or the execution of the robbery.

After giving his third statement, [Appellant] asked for something to eat. The detectives gave [Appellant] a breakfast sandwich and apple juice. [Appellant] then asked to speak with Detective Richard's "boss." Detective Richard left [Appellant] in the conference room to finish his breakfast, and told his supervisor, Lieutenant James McGowan, that [Appellant] wanted to speak with him.

When Lieutenant McGowan entered the conference room, he found [Appellant] with his head down on the table. Lieutenant McGowan asked [Appellant] what he wanted to discuss, and [Appellant] began crying. [Appellant] told Lieutenant McGowan that he was at the scene of the murder and that he saw Collier shoot Borowy. [Appellant] then stated that he wanted to continue talking to Detective Richard.

Detective Richard reentered the conference room and took another statement from [Appellant]. In [Appellant's] fourth statement, which began at 11:08 a.m., [Appellant] confessed that he was present during the robbery and the murder. He told Detective Richard that "[Collier] killed that boy and I told him not to." [Appellant] was charged with homicide, kidnapping, robbery, persons not to possess a firearm, receiving stolen property, and false imprisonment.[FN1] The Commonwealth also charged [Appellant] with conspiracy to commit each of those offenses.[FN2]

[FN1] 18 Pa.C.S. §§ 2502, 2901(a)(3), 3701(a)(1)(i), 6105, 3925, and 2903, respectively.

[FN2] 18 Pa.C.S. § 903(b).

* * *

The Commonwealth joined the cases against [Appellant], Collier, and Freeman for trial.[FN4]  On April 21, 2014, following a five-day jury trial, [Appellant] was convicted of second-degree murder, robbery, kidnapping, conspiracy to commit kidnapping, and conspiracy to commit robbery.  On June 23, 2014, the trial court sentenced [Appellant] to life imprisonment. . . .

> [FN4] Teel pleaded guilty to third-degree murder, and agreed to testify for the Commonwealth at his co-conspirators' trial.

*Commonwealth v. Miller*, 3285 EDA 2014, 2015 WL 6662915, at *1–3 (Pa. Super. filed Oct. 30, 2015) (*Miller I*) (unpublished mem.) (some citations omitted).

Appellant filed timely post-sentence motions.  The trial court held a hearing and denied Appellant's post-sentence motions on October 30, 2014. Appellant filed a timely appeal, and on October 30, 2015, this Court affirmed Appellant's judgment of sentence.  *See id.* at *3-5.

Appellant filed a timely PCRA petition requesting the reinstatement of his post-sentence rights.  The PCRA court denied the petition, and Appellant filed a timely appeal.  Upon review, this Court vacated the order denying Appellant's PCRA petition and remanded to permit Appellant to file an amended PCRA petition.  *Commonwealth v. Miller*, 29 EDA 2017, 2017 WL 4296658 (Pa. Super. filed Sept. 28, 2017) (*Miller II*) (unpublished mem.).

On remand, Appellant filed an amended PCRA petition, and the PCRA court granted relief and reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc*. Order, 10/16/18.  On October 26, 2018, Appellant filed a timely post-sentence motion *nunc pro tunc* that was denied on December

27, 2018. Thereafter, Appellant filed a timely *nunc pro tunc* direct appeal, and this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Miller***, 350 EDA 2019, 2019 WL 6907915 (Pa. Super. filed Dec. 17, 2019) (***Miller III***) (unpublished mem.). Appellant did not petition for allowance of appeal to our Supreme Court, and Appellant's judgment of sentence became final on January 16, 2020. ***See*** 42 Pa.C.S. § 9545(b)(3).

Appellant filed a *pro se* PCRA petition that was docketed on March 5, 2021.[3] On March 22, 2021, the PCRA court denied Appellant's PCRA petition as untimely. Appellant filed a timely *pro se* notice of appeal, and following review, this Court vacated the PCRA court's order and remanded for the appointment of counsel. ***Commonwealth v. Miller***, 1036 EDA 2021, 2021 WL 4889607 (Pa. Super. filed Oct. 20, 2021) (***Miller IV***) (unpublished mem.).

---

[3] Although Appellant's PCRA petition was docketed on March 5, 2021, the record reflects that Appellant dated the petition February 16, 2021. *Pro Se* PCRA Petition, 2/16/21. We note that "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa. Super. 2019) (citation omitted and formatting altered). Pursuant to the prisoner mailbox rule, the PCRA court concluded that Appellant delivered his PCRA petition to prison authorities for mailing no earlier than February 16, 2021. ***See*** PCRA Ct. Op., 8/5/22, at 2, 10. We agree with the PCRA court that Appellant's PCRA petition was delivered to prison authorities, at the earliest, on February 16, 2021, pursuant to the prisoner mailbox rule, and we shall deem Appellant's PCRA petition filed on February 16, 2021. However, it is undisputed that Appellant's judgment of sentence became final on January 16, 2020, and that Appellant until January 16, 2021, to file a timely PCRA petition. ***See*** Appellant's Brief at 8; Commonwealth's Brief at 7; PCRA Ct. Op., 8/5/22, at 2, 10. Moreover, even if Appellant's instant PCRA petition was filed on February 16, 2021, it is further undisputed that it was facially untimely. ***See*** Appellant's Brief at 8; Commonwealth's Brief at 7; PCRA Ct. Op., 8/5/22, at 2, 10.

On remand, the PCRA court appointed Damien Brewster, Esq., to represent Appellant. Order, 10/22/21.

On December 20, 2021, Attorney Brewster filed a motion for an extension of time to file an amended PCRA petition. On December 28, 2021, the PCRA court granted Attorney Brewster's motion for an extension. Order, 12/28/21. In the order, the PCRA court provided Attorney Brewster an extension of sixty days in which to confer with Appellant and determine whether Appellant's PCRA petition could be amended to plead and prove an exception to the PCRA time-bar and assert a *prima facie* claim for PCRA relief. ***See id.*** On February 16, 2022, Attorney Brewster filed a motion for a second extension. Order, 2/16/22. In this motion, Attorney Brewster stated that he had filed a right to know request with the Department of Corrections (DOC) seeking the dates of the COVID-19 lockdown at SCI-Rockview and information concerning restrictions on the use of the prison law library. ***See id.*** On February 20, 2022, the PCRA court granted a second extension of sixty days. Order, 2/20/22.

However, on April 19, 2022, Attorney Brewster filed a ***Turner***/***Finley***[4] no-merit letter and petition to withdraw as Appellant's PCRA counsel. In the no-merit letter, Attorney Brewster stated that Appellant's PCRA petition was untimely and that no exceptions applied. No-Merit Letter, 4/19/22, at 1-6 (unpaginated). On May 25, 2022, the PCRA court concluded that Attorney

---

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Brewster had satisfied the requirements to withdraw pursuant to *Turner*/*Finley*, granted Attorney Brewster's petition to withdraw, and notified Appellant of its intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.

Appellant filed a *pro se* response to the Rule 907 notice on June 27, 2022. In his response, Appellant asked the PCRA court to appoint new PCRA counsel. On July 7, 2022, the PCRA court denied Appellant's request for new counsel and dismissed Appellant's PCRA petition. On July 19, 2022, Appellant filed a timely *pro se* notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the PCRA court filed a Rule 1925(a) opinion on August 5, 2022. *See* PCRA Ct., Op. 8/5/22.

On appeal, Appellant raises the following issue:

> Whether the PCRA Court erred by concluding that Appellant did not meet the governmental interference exception because Appellant should have somehow found paper and pen to file his PCRA despite being on enhanced quarantine due to, at the time, a deadly disease called COVID-19, which the prison or the Appellant did not want any inmate-to-inmate contact to further spread the disease?

Appellant's Brief at 4.

Appellant first acknowledges that his judgment of sentence became final on January 16, 2020, and that he had until January 16, 2021, to file a timely PCRA petition. *See id.* at 8. Appellant argues that the Department of Corrections (DOC) ordered a lockdown due to the COVID-19 pandemic and

restricted access to the law library at SCI-Rockview. *See id.* at 8-9. Appellant contends that without access to the library, he was unable to file his PCRA petition prior to the January 16, 2021 deadline. *See id.* at 9-10. Appellant asserts that although he does not fault the DOC for the COVID-19 restrictions, the lockdown at SCI-Rockview nevertheless constituted government interference with the presentation of a timely PCRA petition. *See id.* at 11-12.

The Commonwealth responds by arguing that Appellant's PCRA petition was untimely, and he failed to plead and prove any exception to the PCRA time-bar. Commonwealth's Brief at 6. Additionally, the Commonwealth contends that Appellant cannot avail himself of the government interference exception to the PCRA time-bar, because Appellant cannot establish that any government official engaged in an illegal act or constitutional violation that prevented Appellant from filing a timely PCRA petition. *See id.* at 8-9.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the PCRA court's determination and whether that determination is free of legal error. *Commonwealth v. Davis*, 262 A.3d 589, 595 (Pa. Super. 2021). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Id.* (citation omitted).

Moreover, it is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). "If a PCRA petition is untimely, courts lack

- 8 -

jurisdiction over the petition." ***Commonwealth v. Woolstrum***, 271 A.3d 512, 513 (Pa. Super. 2022) (citations omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). To invoke one of the exceptions, the petitioner must file the petition "within one

year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). All exceptions to the time bar must be pled in the PCRA petition and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90, 93 (Pa. Super. 2016); ***see also Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007).

Here, Appellant's facially untimely PCRA petition requested a *nunc pro tunc* appeal and appointment of new counsel due to COVID-19. ***See*** *Pro Se* PCRA Petition, 2/16/21, at 1-3. However, Appellant did not raise any exceptions to the PCRA time-bar in the PCRA petition. The record reveals that Appellant did not mention the government interference exception from Section 9545(b)(1)(i) until he filed his response to the PCRA court's Rule 907 notice. ***See*** Response to Rule 907 Notice, 6/27/22, at ¶25.

Presenting an exception to the PCRA time bar for the first time in the response to Rule 907 notice does not properly raise or preserve the claim. ***See Commonwealth v. Derrickson***, 923 A.2d 466, 468-69 (Pa. Super. 2007). It is well settled that the PCRA court's Rule 907 notice provides a petitioner an opportunity to request leave to amend his petition to correct material defects. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012), *abrogated on other grounds by* ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). Rule 907 "does not treat a response to its notice of dismissal as either an amended petition or a serial petition." ***Id.*** at 1187; ***see also*** Pa.R.Crim.P. 905(A). To properly raise the government interference exception to the PCRA time bar, Appellant was required to request leave to

amend his PCRA petition to include that claim. *See Derrickson*, 923 A.2d at 469. "A time-bar exception raised for the first time in response to a court's Rule 907 notice is not preserved for review unless the petitioner seeks, and the PCRA court grants, permission to file an amended petition." *Commonwealth v. Cannon*, 1699 EDA 2019, 2019 WL 6999943, at *3 (Pa. Super. filed Dec. 20, 2019) (unpublished mem.) (citing *Derrickson*, 923 A.2d at 469).[5] Appellant failed to properly present an exception to the PCRA time bar, and therefore, the PCRA court lacked jurisdiction to consider Appellant's PCRA petition. *See Woolstrum*, 271 A.3d at 513. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition as untimely.

In any event, allegations of restrictions on access to law libraries or legal resources, which do not completely prevent an inmate from preparing legal filings, do not satisfy the government interference exception to the PCRA time-bar. *See Albrecht*, 994 A.2d at 1095. Here, the PCRA court concluded that the lockdown at SCI-Rockview occurred "beginning on October 30, 2020, and ending approximately one week after January 25, 2021." PCRA Ct. Op. at 7. However, there is no argument or indication that there was any impediment to Appellant filing a PCRA petition between January 16, 2020, when his judgment of sentence became final and the lockdown beginning on October 30, 2020. Therefore, Appellant cannot establish the government interference

---

[5] *See* Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of this Court filed after May 1, 2019, may be cited for their persuasive value).

- 11 -

exception applies. ***See Albrecht***, 994 A.2d at 1095; ***see also Commonwealth v. Bankhead***, 217 A.3d 1245, 1248 (Pa. Super. 2019) (concluding that a prison lockdown did not qualify for the government interference exception to the PCRA time-bar where the lockdown did not involve the entire relevant time). Moreover, Appellant did not contend that "the conditions of his incarceration were illegal, as required to meet the governmental interference exception to PCRA's timeliness requirement." ***Commonwealth v. Rizvi***, 166 A.3d 344, 348 (Pa. Super. 2017) (citations omitted); ***see also*** 42 Pa.C.S. § 9545(b)(1)(i). We note that mere restrictions on access to prison resources does not qualify for the government interference exception to the PCRA time-bar. ***Rizvi***, 166 A.3d at 348. For these reasons, even if Appellant had raised his government interference claim as an exception to the PCRA time-bar in his petition, we would conclude that he failed to satisfy the requirements for the exception to apply.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/2023

- 12 -